UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES C. MARCELLO, and<br>OLIVIA MARCELLO<br><br>       Plaintiffs,<br><br>  v.<br><br>STATE OF MAINE, et al.<br><br>       Defendants. | )<br>)<br>)<br>)<br>)   CV-06-68-B-W<br>)<br>)<br>)<br>)<br>) |

## **ORDER ON PLAINTIFFS' MOTION FOR COSTS OF SERVICE**

On August 16, 2006, the Plaintiffs, James and Olivia Marcello, moved to collect the costs of service of the Complaint against Defendants Farrell, Rosenblatt & Russell (FRR), William Anderson, and Travis Gould. *Pls.' Pro Se Mot. to Collect Costs of Service* (Docket # 21) (*Pls.' Mot.*). The Plaintiffs seek not only $177.57 for the cost of service of process, but also attorney's fees of $548.00, based their "customary hourly rate for work such as work done in this matter" in the amount of $100.00. *See Pls.' Mot.*, *Aff. of James C. Marcello and Olivia A. Marcello*. Because the Defendants have failed to demonstrate good cause within the meaning of Rule 4(d)(2) for their failure to return the waiver of service forms, the Court partially grants the motion for costs of service; because they are acting *pro se*, the Marcellos are not entitled to attorney's fees and the Court denies the motion for attorney's fees.

### I.   Statement of Facts

On May 31, 2006, the Plaintiffs filed a Complaint against Defendants William Anderson, Third District Court of Newport, the state of Maine, Farrell, Rosenblatt & Russell, and Travis Gould. *See Compl.* (Docket # 1). On June 6, 2006, the Plaintiffs mailed each defendant a

"Waiver of Service of Summons" form, which informed them that a law suit had been initiated against them and requested that each defendant waive service. *Pls.' Mot.* Ex. 1. The waiver form informed each Defendant that they were allowed 30 days from June 6, 2006 to file the executed waiver form and if they failed to do so, the Plaintiffs would take "appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you … to pay the full costs of such service." *Pls.' Mot.* Ex. 1.

On June 14, 2006, the Clerk issued a summons to each defendant (Docket # 7).[1] On July 7, 2006, the Plaintiffs sent the summonses and complaint to local offices of the Sheriff for service on the Defendants who had not responded. Defendant FRR failed to sign the waiver and was served by a Deputy Sheriff on July 11, 2006 at a cost of $25.38. *See Summons* (Docket # 9). The Summons was filed on July 18, 2006. *Id.* Defendant Anderson failed to sign the waiver and Deputy Attorney General Chris Leighton was served on July 11, 2006 at a cost of $24.69. *Pls.' Mot.* Ex. 7. The Summons was filed on July 19, 2006. *Summons* (Docket # 10). Defendant Travis Gould failed to sign the waiver and was served on July 26, 2006 at a cost of $58.50. *Pls.' Mot.* Ex. 13 (Docket # 21). The Summons was filed on August 3, 2006. *Summons* (Docket # 15).

FRR and Mr. Gould objected to the Plaintiffs' motion for the same reasons, stating that: 1) the motion is premature; 2) the law suit is frivolous; and, 3) if its motion to dismiss is granted, FRR will be entitled to costs.[2] *Def. FRR's Memo. In Opp. to Mot. for Costs of Service* (*FRR's Memo.*) (Docket # 23); *Def. Travis Gould's Memo. In Opp. to Mot. for Costs of Service* (*Gould*

---

[1] Defendants Third District Court and the state of Maine executed and filed a waiver on July 8, 2006, (Docket # 8); they are not included in the Plaintiffs' motion and would not be subject to Rule 4(d) in any event. *See* Fed. R. Civ. P. 4(d)(2), (j).
[2] It remains to be seen whether FRR would be entitled to reimbursement under Fed. R. Civ. P. 54, if it ultimately prevails. At this point, however, its argument is premature.

2

*Memo.*) (Docket # 24). Judge Anderson objected as well, stating that the Plaintiffs never established that Judge Anderson had ever been served. *Opp. of Def. William Anderson to Pls.' Mot. for Costs of Service* (Docket # 28). Judge Anderson pointed out that the Deputy Sheriff served a deputy attorney general and on July 28, 2006, while the Plaintiffs continued to pursue personal service on him, his counsel filed the waiver and an answer and, therefore, the Plaintiffs never actually effected service on him. *Id.* Ex. A.

## II.    Discussion

### A.  Costs of Service

Rule 4(d)(2) provides:

> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2). Absent "good cause," the imposition of costs is mandatory. *Id.* ("[T]he court shall impose the costs….") (emphasis supplied).

A preliminary question is whether this provision applies to these defendants. As an individual defendant, FRR is unarguably subject to this provision. Fed. R. Civ. P. 4(d)(2). Judge Anderson and Code Enforcement Officer Gould, however, are each being sued in their official capacities and, as such, whether they are subject to the provision is more complicated. The waiver of service provisions of Rule 4(d) apply only to those "subject to service under subdivision (e), (f), or (h);" state and local governments are not included, since they are covered by subsection (j). Fed. R. Civ. P. 4(j). The advisory committee's note explains that the Rule exempts the United States "for the reason that its mail receiving facilities are inadequate to assure that the notice is actually received by the correct person in the Department of Justice." Fed. R. Civ. P. 4 advisory committee's note (1993). It states that the "same principle is applied

to agencies, corporations, and officers of the United States and to other governments and entities subject to service under subdivision (j)." *Id.* Finally, it refers to "policy reasons why governmental entities should not be confronted with the potential for bearing costs of service in cases in which they ultimately prevail." *Id.*

However, under *Caisse v. DuBois*, 346 F.3d 213, 216 (1st Cir. 2003), the First Circuit reiterated its earlier conclusion that "service of process for public employees sued in their official capacities is governed by the rule applicable to serving individuals." *Id*. (citing *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28-30 (1st Cir. 1988)). *Caisse* ruled that "to serve the defendants in either an individual or official capacity, Caisse had to comply with Fed. R. Civ. P. 4(e) providing for service of process on individuals." *Id.* Because Judge Anderson and CEO Gould were subject to service under Rule 4(e), Rule 4(d) is applicable to them.

A further question is whether the defenses asserted by FRR or Gould are convincing. They are not. In *Double "S" Truck Line, Inc. v. Frozen Food Express*, the defendants raised similar defenses: that the motion was premature and that the claim was frivolous. 171 F.R.D. 251, 253 (D. Minn. 1997). *Double "S"* described these contentions as "wholly without merit." *Id.* Judge Erickson noted that the commentary to Rule 4(d) "makes abundantly clear that a defendant's duty to avoid unnecessary costs of service is not related to the merits of the underlying case and, therefore, there is no cause to delay an award of costs even when, as the Defendant here alleges, the Plaintiff's claim is supposedly without merit." *Id.*; *see* also Fed. R. Civ. P. 4 advisory committee's note (1993) ("It is not good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction.").

Judge Anderson presents a different defense. He contends that he was never actually served and, therefore, the express provision of the Rule – "costs subsequently incurred in

4

effecting service upon the defendant" – has not been met.  On June 6, 2006, the Plaintiffs sent a waiver form to Judge Anderson at the Maine District Court in Waterville, Maine, *Pls.' Mot.* Ex. 1; there is no indication Judge Anderson signed and returned the completed waiver.  On July 7, 2006, the Plaintiffs sent the Summons with a check for $60.00 to the Kennebec County Sheriff's Office, requesting service on Judge Anderson.  *Pls.' Mot.* Ex. 2.  On July 11, 2006, the Kennebec Sheriff's Office, however, served Deputy Attorney General Leighton, not Judge Anderson, charging the Plaintiffs $24.69; the Plaintiffs filed this return of service on July 17, 2006, indicating that it may have been served "in error."  *Pls.' Mot.* Ex. 8.  On July 28, 2006, while the Plaintiffs were still securing personal service on Judge Anderson, the Office of the Attorney General signed a Waiver of Service form and an Answer and mailed it to this Court, waiving service.  The documents were filed on July 31, 2006.  *Answer of Defs. State of Maine, 3rd District Court of Newport, and William Anderson* (Docket # 13); *Opp. of Def. William Anderson to Pls.' Mot. for Costs of Service* Ex. A (Docket # 28).

      The Court cannot accept Judge Anderson's defense.  Although it may be technically true that the service on Deputy Attorney General Leighton did not effect service on Judge Anderson, it is also true that the intent of Rule 4(d) is to charge the defendant who fails to sign and return the waiver form "those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed."  Fed. R. Civ. P 4 advisory committee's note (1993).  If Judge Anderson had simply signed and returned the waiver form, the Plaintiffs would not have incurred the $24.69 in charges from the Kennebec Sheriff's Office.  Further, the waiver form was not signed by the Attorney General's Office until after the Plaintiffs had incurred the sheriff's service fee.

The Rule itself imposes a "duty" on the defendant served with a waiver request "to avoid unnecessary costs of serving the subpoena" and limits acceptable excuses for not doing so to "good cause." Fed. R. Civ. P. 4(d)(2). The advisory committee's note states that "good cause" for failure to comply with a request for waiver "should be rare." Fed. R. Civ. P. 4 advisory committee's note (1993). It provides two examples: 1) where the defendant did not receive the request; and, 2) where the defendant was insufficiently literate in English to understand it. *Id.* None of the Defendants has demonstrated "good cause" within the meaning of Rule 4 and the Plaintiffs are entitled to be reimbursed for the costs of service in accordance with Rule 4(d)(5).[3]

**B. Attorney's Fees**

Rule 4(d)(5) controls the awarding of attorney's fees:

> The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

Fed. R. Civ. P. 4(d)(5). Under the prior version of Rule 4, attorney's fees were not considered part of the general definition of costs. *Menke v. Monchecourt*, 17 F.3d 1007, 1011-12 (7th Cir. 1994) ("Rule 4(c)(2)(D), as written, does not provide for attorneys' fees as part of the costs of personal service"); *McCarthy v. Wolfeboro Restaurant Services, Inc.,* 132 F.R.D. 613 (D. Mass. 1990). However, the Rule was amended in 1993 to provide for an award of attorney's fees.

---

[3] The Court has misgivings about imposing costs on Code Enforcement Officer Gould and Judge Anderson. Rule 4(i), which controls service on the United States, expressly applies to federal employees, and under Rule 4(d)(2), the waiver of service procedure is inapplicable to them, if sued in an official capacity. Fed. R. Civ. P. 4(d)(2) ("subject to service under subdivision (e), (f), or (h)"). Unlike Rule 4(i), Rule 4(j), which controls service upon state and local governments, does not mention state or local employees. Service proceeds, as *Caisse* establishes, under Rule 4(e), which is subject to the waiver provision. Acting in their official capacities, code enforcement officers are typically protected by qualified immunity and judges are virtually always protected by absolute immunity. For each, the prospect of being named in a suit by a disgruntled citizen is an ever-present risk of public service. Commonly, the government employee forwards the papers to someone in state or local government and awaits further advice and if that advice is slow in coming, the thirty day response time can lapse. The justification for exempting state and local government employees from Rule 4(d) seems as compelling as the justification for exempting federal employees, but this Court is not a policy-making body and must apply the law as it is written.

*Double "S" Truck Line, Inc. v. Frozen Food Express*, 171 F.R.D. 251, 253-54 (D. Minn. 1997); Fed. R. Civ. P. 4 advisory committee's note (1993). Since the amendment, applying the amended language, courts have generally awarded attorney's fees where the plaintiff has moved to collect cost of service. *Davilla v. Thinline Collections, LLC*, 230 F.R.D. 601 (N.D. Cal. 2005); *Kennemer v. Jefferson Autoplex, L.L.C.*, 03-3616, 2004 U.S. Dist. LEXIS 10623, at *5-6 (D. La. June 10, 2004); *Graves v. Church of the Lord Jesus Christ of the Apostalic Faith, Inc.*, 02-CV-4056, 2003 U.S. Dist. LEXIS 25495, at *3 (E.D. Pa. June 30, 2003); *Furguson v. Interpublic Group, Inc.*, No. 97 Civ. 3064, 1998 U.S. Dist. LEXIS 3992, at *1-2 (S.D.N.Y. March 27, 1998).

The remaining question is whether the Plaintiffs acting *pro se* may charge for the time they spent in preparing and filing the motion for award of costs as an "attorney's fee" under Rule 4(d)(5). An award of attorney's fees, however, has long been unavailable to *pro se* litigants in the First Circuit. *See Lovell v. Snow*, 637 F.2d 170, 171 (1st Cir. 1981) (applying this rule to *pro se* actions under Section 1983). The Supreme Court expanded this general rule to include lawyers who represent themselves. *Kay v. Ehrler*, 499 U.S. 432 (1991) (disallowing attorney's fees to a lawyer representing himself in a 42 U.S.C. § 1988 action). *Kay*'s reasoning resonates here:

> A rule that authorizes awards of counsel fees to pro se litigants -- even if limited to those who are members of the bar -- would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.

*Id.* at 438.[4]

---

[4] Each circuit has followed *Kay*. *See, e.g.*, *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 694 (2d Cir. 1998); *Daley v. Fed. Bureau of Prisons*, 06-1799, 2006 U.S. App. LEXIS 21770 (3d Cir. August 25, 2006); *Prousalis v. Jamgochian*, 38 Fed. Appx. 903 (4th Cir. 2002); *De Mino v. Achenbaum*, 136 Fed. Appx. 695, 696 (5th Cir. 2005);

More specifically, *pro se* litigants may not collect attorney's fees associated with service of process.  See *Prousalis v. Jamgochian*, 38 Fed. Appx. 903, 904 (4th Cir. 2002) ("We find attorney's fees are not available under Rule 4(d)(2) or (5) to an attorney proceeding *pro se*."); *see also Lozano v. Peace*, CV 05-0174, 2005 U.S. Dist. LEXIS 40360 (E.D.N.Y. July 11, 2005) (holding that *pro se* litigants are not entitled to attorney's fees pursuant to Rule 4).  Plaintiffs' request for attorney's fees is denied.

### III.    Conclusion[5]

The Court GRANTS Plaintiffs James and Olivia Marcellos' Motion to Collect Costs of Service in the amount of $25.38 against Defendant Farrell, Rosenblatt, and Russell, in the amount of $58.50 against Defendant Travis Gould, and in the amount of $24.69 against Defendant William Anderson.  The Court DENIES Plaintiffs' request for attorney's fees.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 19th day of October, 2006

---

*Cochran v. City of Norton*, 95-3024, 95-3027, 95-3163, 1996 U.S. App. LEXIS 17284 (6th Cir. June 3, 1996); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003); *McDermott v. Royal*, 123 Fed. Appx. 241, 242 (8th Cir. 2004); *Ford v. Long Beach Unified Sch. Dist.*, 461 F.3d 1087 (9th Cir. 2006); *Garcia v. Tansy*, 99-22689, 2000 U.S. App. LEXIS 11927 (10th Cir. May 30, 2000); *Massengale v. Ray*, 267 F.3d 1298 (11th Cir. 2001); *Kooritzky v. Herman*, 336 U.S. App. D.C. 268 (D.C. Cir. 1999).

[5] On September 21, 2006, the Plaintiffs filed a self-styled motion to compel the court to respond to its motion for costs.  *Pls.' Mot. to the Court for Issuance of Order on Mot. to Collect the Costs of Service* (Docket # 35).  The Court dismisses this motion as moot.