UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JAMES C. MARCELLO, and )
OLIVIA MARCELLO )
                                )
         Plaintiffs, )
                                )     CV-06-68-B-W
      v. )
                                )
STATE OF MAINE, et al. )
                                )
         Defendants. )

## ORDER OVERRULING OBJECTION TO ORDER

On October 24, 2006, this Court granted the motion to dismiss filed by Farrell, Rosenblatt & Russell (FRR).  *Order on Def.'s Mot. to Dismiss* (Docket # 53).[1]  On October 31, 2006, the Plaintiffs filed an objection to the Order.[2]  *Obj. to Mot. to Strike Order Granting Def.'s Mot. to Dismiss* (Docket # 58).  The Plaintiffs' objections are:  1) the Order was prematurely granted before discovery was completed; 2) FRR failed to provide the Plaintiffs with copies of the Orders it provided the Court, depriving Plaintiffs with an opportunity to respond; and, 3) the Court determined questions of fact against the Plaintiffs.

In objecting to the Order as premature, the Plaintiffs misconstrue the time when a motion to dismiss may be filed and the purpose of the motion.  Under Rule 12(b)(6), the defendant is allowed to move to dismiss "before pleading if a further pleading is permitted."  Fed. R. Civ. P. 12(b); *see also* Charles Alan Wright & Arthur R. Miller, 5C Federal Practice & Procedure § 1361 (2005).  The purpose of a motion to dismiss under Rule 12(b)(6) is to challenge the "adequacy of the claims in the complaint."  *Greenier v. Pace, Local No. 1188*, 201 F. Supp. 2d

---

[1] The Order was amended on October 30, 2006 to correct a clerical error.  *Amended Order* (Docket # 55).  In addition, the Order denied the Plaintiffs' motion to strike.  *Id.*
[2] Although Plaintiffs did not cite a rule, the Court assumes that the objection was in effect a motion pursuant to Fed. R. Civ. P. 60(b).

172, 176 (D. Me. 2002).   Absent an unusual set of facts not present here, no discovery is necessary before ruling on the motion, because the Court "assumes that all facts alleged in the Complaint are true and makes all reasonable inferences from those facts in Plaintiff's favor." *Id.*

Here, FRR moved to dismiss before answering the Complaint, a procedure fully in keeping with the Rule.   The Court's decision was based on the allegations in the Complaint, and consistent with longstanding law, the Court reviewed "documents the authenticity of which [is] not disputed by the parties; . . . official public records; . . . documents central to the [Plaintiffs'] claim; . . . [and] documents sufficiently referred to in the complaint." *Id.* at 177 (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).   To hold ruling on a motion to dismiss in abeyance until the completion of discovery would thwart the salutary purpose of the Rule, which is to provide a mechanism to dismiss claims where the Plaintiffs "cannot recover on any viable legal theory." *Barrington Cove, LP v. R.I. Hous. & Mortgage Fin. Corp.*, 246 F.3d 1, 4-5 (1st Cir. 2001).

Plaintiffs next contend that FRR failed to send them copies of the court orders that were forwarded to the Court and this deprived them an opportunity to respond.[3]   On October 13, 2006, this Court ordered FRR to file certified copies of certain state court documents that had been referenced either in the parties' memoranda or within other filed documents.   *Order* (Docket # 47).   On October 19, 2006, FRR filed the documents and on October 24, 2006, the Court issued its Order, granting FRR's motion for dismissal.   *State Court Record* (Docket # 52); *Order Granting Mot. to Dismiss* (Docket # 53).   The filing consisted exclusively of certified state court documents leading to the state order allowing alternative service, which was the focus of the

---

[3] The Court cannot know whether FRR sent Plaintiffs copies of the documents.   Although FRR responded to Plaintiffs' objection, it did not mention this allegation.   The documents were, however, posted on the Court's electronic case filing system and would have been accessible by Plaintiffs.

Plaintiffs' Complaint against FRR.[4]  *State Court Record*, Ex. 1-5 (Docket # 52).   Plaintiffs appear not to object to the Court's consideration of these documents, only to their inability to respond to their contents.   The state court documents, taken as a whole, plainly establish that Plaintiffs could not recover on any viable legal theory; no further argument would have been either necessary or effective.

Finally, Plaintiffs allege the Court made findings of fact and thereby deprived them of their right to jury trial.  Plaintiffs are again simply incorrect.  The Court did not make any factual findings.  In its Order, this Court carefully explained the standards under which a motion to dismiss a complaint that charges a civil conspiracy must be judged and it then applied those standards when it evaluated the allegations in the Complaint and the state court documents. *Order* at 10-16.   The Court cannot add anything in this Order that would be any clearer.

The Court OVERRULES Plaintiffs' Objection to Motion to Strike Order Granting Defendant FRR's Motion to Dismiss (Docket # 58).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2006

---

[4] There was no contemporaneous objection from Plaintiffs to the Court's consideration of the documents and the Court does not interpret Plaintiffs' objection as stating one.  It is curious that Plaintiffs would complain that they did not receive copies of the documents, since the filings consisted exclusively of documents generated in state court proceedings in which Plaintiffs were parties.