UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES C. MARCELLO, and<br>OLIVIA MARCELLO<br><br>   Plaintiffs,<br><br>v.<br><br>STATE OF MAINE, et al.<br><br>   Defendants. | )<br>)<br>)<br>)<br>)  CV-06-68-B-W<br>)<br>)<br>)<br>)<br>) |

### ORDER ON DEFENDANT'S MOTION TO DISMISS

The state of Maine, the Third District Court of Newport, and William Anderson, a judge of the Maine District Court, move to dismiss James and Olivia Marcello's law suit under 42 U.S.C. § 1983.[1] The Court concludes that Judge Anderson is absolutely immune under the doctrine of judicial immunity; that the Third District Court of Newport is absolutely immune under the doctrine of judicial immunity, is not a "person" under § 1983, and is immune under the doctrine of sovereign immunity; that the state of Maine is not a "person" under § 1983 and is immune under the doctrine of sovereign immunity; and, that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. The Court grants Defendants' motion to dismiss (Docket # 54).

**I.   Standard of Review**

The Defendants moved to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b) provides in relevant part: "[e]very defense, in law

---

[1] *See Mot. to Dismiss by Defs. State of Maine, Third District Court of Newport, and William Anderson* (Docket # 54) (*Defs.' Mot.*). Plaintiffs separately moved for fair notice should the Court treat the motion to dismiss as a motion for summary judgment. *Mot. to Court for Fair Notice Summary Judgment Rule* (Docket # 60). The Court has not treated the Defendants' motion to dismiss as a motion for summary judgment. Therefore, the Court DENIES Plaintiffs' motion for fair notice as moot.

or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . (6) failure to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b). "A motion to dismiss an action under Rule 12(b)(1) . . . raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it." *United States v. Lahey Clinic Hosp., Inc.,* 399 F.3d 1, 8 n.6 (1st Cir. 2005) (citation omitted). The burden falls on the plaintiff "clearly to allege facts demonstrating that he is a proper party to invoke federal jurisdiction." *Dubois v. United States Dep't of Agric.,* 102 F.3d 1273, 1281 (1st Cir. 1996) (citation and internal quotation marks omitted); *see also R.I. Ass'n of Realtors v. Whitehouse,* 199 F.3d 26, 30 (1st Cir. 1999); *Lord v. Casco Bay Weekly, Inc.,* 789 F. Supp. 32, 33 (D. Me. 1992). In a Rule 12(b)(1) motion, "[t]he court, without conversion, may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." *Dynamic Image Technologies, Inc. v. United States,* 221 F.3d 34, 37-38 (1st Cir. 2000). *See also Aversa v. United States,* 99 F.3d 1200, 1209-10 (1st Cir. 1996) ("In ruling on a motion to dismiss for lack of subject matter jurisdiction . . . the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff . . . . In addition, the court may consider whatever evidence has been submitted . . . .").

Likewise, in a Rule 12(b)(6) motion, "a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (citing *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998)). A defendant is entitled to dismissal only if it "'appears to a certainty that the plaintiff would be unable to

recover under any set of facts.'" *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir. 2001) (quoting *Roma Constr. Co. v. A Russo*, 96 F.3d 566, 569 (1st Cir. 1996)); *see also Nethersole v. Bulger*, 287 F.3d 15, 18 (1st Cir. 2002).

## II.    Judicial Immunity – Judge Anderson[2]

Plaintiffs' allegations against Judge Anderson are limited to the exercise of his judicial functions. They allege that on November 23, 2005, Judge Anderson conspired with Attorney Jon Haddow and Travis Gould, a code enforcement officer, "to preside without authority and to induce plaintiff James Marcello to take the stand against his objection to the jurisdiction of the court by ways of treats (sic) violating his 5th Amendment Constitutional rights." *Compl*. ¶ 8 (Docket # 1). Next, the Complaint alleges that on December 23, 2005, Judge Anderson "denied equal assess (sic) to justice by arbitrarily denying plaintiffs (sic) James C. Marcello application to proceed without payment of fees dated November 28, 2005 for an appeal filed against a contempt order dated November 23, 2005 that was void for want of jurisdiction over the person and obtained by fraud practiced by defendant attorney John (sic) A. Haddow, defendant Travis Gould, in collusion with said defendant William Anderson of the Waterville District Court." *Id.* ¶ 12. The Complaint further claims that on March 22, 2006 and March 29, 2006, Mr. Haddow and Judge Anderson conspired with Mr. Gould, who "broke the close of plaintiffs James & Olivia Marcello property located at 152 Cross Rd, Stetson, Maine with no trespassing signs posted and against the owners (sic) consent, entered the property and broke and entered into the outer skirting of their mobile home violating the plaintiffs (sic) 4th Amendment rights secured under the Constitutional laws of the land." *Id.* ¶ 9. The Complaint alleges that Judge Anderson "held purported contempt proceedings against the plaintiff James Marcello for the 3rd District

---

[2] The Court previously described the long and drawn out history of this case. *See Marcello v. Maine*, No. CV-06-68-B-W, 2006 U.S. Dist. LEXIS 77425 (D. Me. October 24, 2006).

Court of Newport, after special entry of appearance by said plaintiff objecting to the jurisdiction." *Id.* ¶ 21. Finally, Plaintiffs allege that "the Defendants Judge Anderson, Attorney Jon A. Haddow, Esq., and Travis Gould, CEO, are compelling plaintiffs, though extortion methods, to surrender property to them by designing a mechanism of a 'pledge' attached to a purported Order dated and signed by Defendant Judge Anderson on 5/19/06 purporting on it's (sic) face a warrant of arrest to issue against plaintiff James Marcello for 30 day sentence." *Id.* ¶ 22.[3] Plaintiffs do not seek any explicit relief from Judge Anderson, but request the Court to enjoin the Defendants "from further harassing, molesting, and any continuing proceedings against the plaintiffs."[4] *Id*. at 8. Plaintiffs have included a catch-all demand that "the Plaintiffs may receive any and all other relief as the circumstances in the cause may require." *Id.*

The well-settled doctrine of judicial immunity bars the Plaintiffs' claims against Judge Anderson. As the Supreme Court has explained, "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine . . . ." *Pierson v. Ray*, 386 U.S. 547, 553 (1967). The origins of this doctrine in the United States can be traced to the 1872 Supreme Court case of *Bradley v. Fisher*, which itself traced the doctrine back to 1608 in England. 80 U.S. 335, 347-48 (1872). The doctrine holds that judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Pierson*, 386 U.S. at 553-54; *Brown v. Ives*, 129 F.3d 209, 212 (1st Cir. 1997) ("Maine's judges are absolutely immune from damage claims based on their judicial decisions."); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st. Cir. 1989); *Haven v. Worth*, Civil No. 05-176-B-W, 2006 U.S. Dist. LEXIS 2673 (D. Me. Jan. 25, 2006) *aff'd*, 2006 U.S. Dist. LEXIS

---

[3] At the end of paragraph 22, Plaintiffs allege: "This Violation is made pursuant to Title 18, U.S.C. § 1961(1)(A) of the Federal RICO Statute." *Compl.* ¶ 21.
[4] In the Prayer for Relief, they claim monetary damages against the state of Maine only. *See Compl.* at 8, ¶¶ 1, 3.

4

6949 (D. Me. Feb. 22, 2006). Furthermore, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-57 (citation and internal quotation marks omitted); *see also Cok*, 876 F.2d at 2. *Pierson* reassured would-be objectors that absolute immunity "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson*, 386 U.S. at 554 (quotation marks and citation omitted). Finally, the First Circuit has held that the doctrine extends to injunctive and declaratory relief. *See Adames v. Fagundo*, No. 05-1942, 2006 U.S. App. LEXIS 23422 (1st Cir. Sept. 14, 2006).[5]

Absolute judicial immunity may be unavailable for: (1) functions not "normally performed by a judge" and outside his or her "judicial capacity;" *Stump*, 435 U.S. at 362; or, (2) "judicial actions taken in the clear absence of all jurisdiction . . . ." *Cok*, 876 F.2d at 2 (citing *Stump*, 435 U.S. at 357). Neither limitation applies here. Plaintiffs' complaints against Judge Anderson go to the heart of his exercise of judicial discretion: ruling on applications, holding hearings, approving warrants, and issuing orders.[6] Plaintiffs failed to allege sufficient facts for the Court to infer that Judge Anderson took these actions "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-57; *see also Cok*, 876 F.2d at 2.

### III. Statutory Authority, Judicial Immunity, and Sovereign Immunity – Third District Court

---

[5] *Adames* notes that in 1996, Congress amended 42 U.S.C. § 1983 to provide: "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Adames v. Fagundo*, No. 05-1942, 2006 U.S. App. LEXIS 23422, at *4-5 (1st Cir. Sept. 14, 2006).

[6] Regarding the Plaintiffs' complaint about the denial of *in forma pauperis* status, the First Circuit held that "the actions of a state court judge in denying in forma pauperis status are protected by judicial immunity and thus provide no legitimate basis for § 1983 liability." *Tamburro v. City of East Providence*, Nos. 92-1321, 92-1322, 92-1323, 92-1324, 1992 U.S. App. LEXIS 32825, at *4 (1st Cir. Dec. 18, 1992).

Although the Complaint lists the Third District Court of Newport as a defendant, the Complaint contains no factual allegations directed against the Court itself. Rather, to the extent the Plaintiffs make reference to the Third District Court, it is as the physical location for judicial actions, conflating courthouse with court. Alternatively, the Complaint may be based on the misimpression that the "Third District Court" is somehow an entity separately responsible for the issuance of the court orders about which the Plaintiffs have complained. In any event, the § 1983 claims against the Third District Court of Newport "fail because a state and its agencies are not 'persons.'" *Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002). Additionally, case law suggests that judicial immunity protection extends to the courts. *See Radion v. N.H. Supreme Court*, 84 Fed. Appx. 105 (1st Cir. 2003). Regardless, as discussed below, state agencies and instrumentalities are protected by sovereign immunity.

## IV.   State of Maine

### A.   Section 1983

The state of Maine also seeks to be dismissed from this action, asserting that the Plaintiffs have not stated a claim upon which relief may be granted. *Defs.' Mot.* at 3, 6. There are numerous reasons to grant the State's motion. First, to the extent the Plaintiffs are seeking monetary relief against the state, they may not wield § 1983 as a weapon.[7] Moreover, the state of Maine is not a proper defendant to an action under 42 U.S.C. § 1983. *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity."). This is because a state is not a "person" for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989); *Brown*, 291 F.3d at 92. The Supreme Court explained: "Section 1983

---

[7] In Plaintiffs' prayer for relief, they ask the Court to: (1) vacate state court orders dated April 2, 1998 and November 23, 2005; (2) award monetary damages of $101,000 to be paid by the state of Maine; and, (3) enjoin all defendants from "further harassing, molesting, and any continuing proceedings against the plaintiffs." *Compl.* at 8.

6

provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id*. at 66. Plaintiffs' claim is not cognizable under federal law.

   **B.**  **Sovereign Immunity**

   The doctrine of sovereign immunity presents a second rationale for dismissing the state from this action, and also protects the Third District Court of Newport. The doctrine is grounded in the Eleventh Amendment to the United States Constitution, which provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. In practice, "[t]he Eleventh Amendment bars such suits unless the State has waived its immunity, or Congress . . . override[s] that immunity." *Will*, 491 U.S. at 66. Sovereign immunity extends to agencies and instrumentalities of the state. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239 (3d Cir. 2005); *Alyshah v. Supreme Court of Ga.*, No. 1:06-CV-0929-TWT, 2006 U.S. Dist. LEXIS 70321, at *4 (D. Ga. July 28, 2006) (applying the immunity doctrine to state courts). Because the state of Maine has not waived its immunity with respect to Section 1983 actions, and because Congress has not overridden that immunity, the Plaintiffs' claims against the state must be dismissed. Moreover, because the Third District Court of Newport, as part of the state judicial branch of government, is an instrumentality of the state of Maine, is cloaked with immunity, and must also be dismissed.

   **C.**  ***Rooker-Feldman* Doctrine**

   The Defendants further allege that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Defs.' Mot*. at 2. The Court concludes that this doctrine serves as

a third basis to grant dismissal. The *Rooker-Feldman* doctrine is based on two cases, *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and essentially limits lower federal court review of final state court decisions. The Supreme Court has described the doctrine: "The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); *see also Davison v. Puerto Rico*, No. 06-1613, slip op. at 5-7 (1st. Cir. Dec. 12, 2006). The doctrine precludes federal district court review of state court decisions, "even if the state judgment is challenged as unconstitutional." *Wang v. New Hampshire Bd. of Registration in Medicine*, 55 F.3d 698, 703 (1st Cir. 1995) (quoting *Schneider v. Colegio de Abogados de P.R.*, 917 F.2d 620, 628 (1st. Cir. 1990)). Such appellate review is the role of the United States Supreme Court. *Id*.

The First Circuit recently explained that post-*Exxon*, the "lower courts cannot rely on *Rooker-Feldman* to dismiss a case unless, *inter alia*, the federal plaintiff seeks redress of an injury caused by an allegedly erroneous state court decision." *Davison v. Puerto Rico*, No. 06-1613, slip op. at 5 (1st. Cir. Dec. 12, 2006). On the other hand, if the plaintiff "alleges a constitutional violation by an adverse party independent of the injury caused by the state court judgment, the doctrine does not bar jurisdiction." *Id.* at 5-6.

Here, the Plaintiffs' situation fits squarely within the *Rooker-Feldman* doctrine, in that there are no facts to suggest that their alleged injuries are in any way independent of the state court's rulings adverse to them.[8] Their exhaustive litigation in state court has run its course – the

---

[8] *Davison* bears a striking resemblance to this case. In *Davison*, the plaintiffs engaged in a ten-year battle with an order of the Puerto Rico Firefighters Corps "over the existence, location, and characteristics of a common fire

state court orders underlying the complaint were appealed to the Maine Superior and Supreme Judicial Courts and are now final judgments. These courts have either denied or dismissed Plaintiffs' appeals. Dissatisfied with the outcome, the Marcellos proceed to federal court to challenge those decisions. The *Rooker-Feldman* doctrine prevents the Marcellos from trying to achieve in federal district court what they could not in state court. It is not the role of this Court to serve as an ancillary state appellate court, reviewing decisions of the courts of the state of Maine – or any other state – at the instance of a dissatisfied state court litigant. The Defendants' motion must be granted.

## V.     Conclusion

Because William Anderson and the Third District Court of Newport are immune from suit under the doctrine of judicial immunity, because the state of Maine and the Third District Court of Newport are not "persons" under 42 U.S.C. § 1983, and are immune from suit under the doctrine of sovereign immunity; and because the *Rooker-Feldman* doctrine bars this Court's review of the state court decisions, this Court GRANTS the Defendants' Motion to Dismiss (Docket # 54).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of December, 2006

---

corridor across Plaintiffs' allegedly private terrace." *Davison v. Puerto Rico*, No. 06-1613, slip op. at 3 (1st. Cir. Dec. 12, 2006). The Davisons made numerous "trips to state court" only to be denied relief from the Corps' order and were ultimately held in contempt. *Id.* at 3-4. After the Puerto Rico Supreme Court denied their request for reconsideration, they sought relief from the federal court, alleging violations of their equal protection and due process rights. *Id.* at 4. Consistent with this Court's conclusion here, the First Circuit concluded that the Davisons' action was barred by the *Rooker-Feldman* doctrine. *Id.* at 4-8.