UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JAMES C. MARCELLO, and            )
OLIVIA MARCELLO                   )
                                  )
          Plaintiffs,             )
                                  )          CV-06-68-B-W
     v.                           )
                                  )
STATE OF MAINE, et al.            )
                                  )
          Defendants.             )

**ORDER ON DEFENDANT'S MOTION TO VACATE ORDER
DENYING MOTION TO COMPEL**

This Court denies Plaintiffs' motion to vacate its Order, which earlier denied their motion

to compel discovery.  Defendant Farrell, Rosenblatt & Russell, having been dismissed from the

case, is no longer a party subject to interrogatories and the Plaintiffs have still failed to comply

with Local Rule 26(b) as to their discovery dispute with Defendant Travis Gould.

**I.    PROCEDURAL HISTORY**

On October 24, 2006, the Court granted the motion to dismiss filed by Farrell, Rosenblatt

& Russell (FRR), and terminated FRR's status as a party.  *See Order Granting Mot. to Dismiss*

(Docket # 53).[1]  On November 3, 2006, James and Olivia Marcello moved to compel discovery

from FRR and one of the remaining defendants Travis Gould.  *Mot. to Compel Answers to*

*Interrogs.* (Docket # 61).  On November 8, 2006, the Court struck the motion, because FRR had

been dismissed from the case and because the Marcellos had failed to comply with Local Rule

26(b) regarding Mr. Gould.  *Order Striking Motions to Compel* (Docket # 64).  On November 24,

2006, the Plaintiffs moved to vacate the Court's November 8, 2006 Order, claiming that the

---

[1] An Amended Order was issued by the Court on October 30, 2006 (Docket # 55).

Court erred in concluding that FRR is no longer subject to discovery and that it erred in concluding that the Plaintiffs had failed to comply with Local Rule 26(b) in their discovery dispute with Mr. Gould.  The Court denies the motion to vacate because: (1) FRR has been dismissed as a party defendant and is not subject to discovery; and (2) the Plaintiffs have failed to demonstrate that they have complied with Local Rule 26(b), regarding their discovery dispute with Travis Gould.

## II.   DISCUSSION

### A.  Farrell, Rosenblatt & Russell

Despite this Court's Amended Order granting the FRR motion to dismiss, Plaintiffs contend that FRR is still a party to the case and still subject to discovery.  Citing Rule 54(b), the Plaintiffs assert that because the Amended Order adjudicated "fewer than all the claims or the rights and liabilities of fewer than all the parties," it did "not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).  Emphasizing the language, "not terminate the action as to any of the claims or parties," the Marcellos assert that this must mean that FRR is still a party and, as such, subject to ongoing discovery.

The Plaintiffs' argument reflects the danger in lifting isolated phrases from the rules without placing them in a broader context.  Rule 54(b) provides that a trial court, in its discretion and subject to certain requirements, may allow the entry of an immediate judgment as to fewer than all parties to permit an immediate appeal. *See Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 42-44 (1st Cir. 1988).  The First Circuit explained that the "entry of judgment under the rule should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or

2

litigants."  *Id.* at 42.  Against the granting of a Rule 54(b) judgment is the policy "tilted from the start against fragmentation of appeals."  *Id.* at 43.  Here, upon granting the FRR motion to dismiss, the Court did not issue a Rule 54(b) certification and, therefore, the Order has not yet been reduced to judgment.

Given this context, the Plaintiffs misconstrue the import of the second sentence of Rule 54(b).  As Professors Wright, Miller and Kane explain, the "second sentence of the rule expressly states that any order failing to qualify under the rule is subject to revision at any time prior to the entry of final judgment adjudicating the entire action.  Therefore, an appeal from a decision adjudicating a portion of the case must be dismissed."  10 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2660 (3d ed. 1998).  The second sentence is about when a judgment may be appealed, not whether parties who have been dismissed from a case remain subject to discovery prior to the entry of a final judgment.

Plaintiffs also misconstrue the purpose underlying Rule 12(b).  Even before a defendant answers a complaint, Federal Rule of Civil Procedure 12(b) allows the defendant the opportunity to challenge the legal sufficiency of the plaintiff's cause of action.  Fed. R. Civ. P. 12(b)(6).  The purpose of a Rule 12(b) motion is for the movant to avoid "resorting to the trouble of pleading an answer and preparing for trial on the merits."  *Carter v. American Bus Lines, Inc.*, 22 F.R.D. 323, 326 (D. Neb. 1958).  Because it summarily removes a party from a case, the standards for a successful Rule 12(b) motion are rigorous.  As the First Circuit stated in *State St. Bank & Trust Co. v. Denman Tire Corp.*, a motion to dismiss should be granted "only if it appears to a certainty that the plaintiff would be unable to recover under any set of facts."  240 F.3d 83, 87 (1st Cir. 2001).

If a motion to dismiss is granted, however, the successful movant is not subject to interrogatories under Rule 33, because he is no longer a party.  *See* Fed. R. Civ. P. 33(a) ("Without leave of court or written stipulation, any party may serve upon *any other party* written interrogatories….") (emphasis added).  To rule otherwise would create the anomaly of subjecting a dismissed party to the expense and effort of continuing to defend a case he had already successfully defended.

**B.  Travis Gould**

The Plaintiffs' objection to this Court's Order regarding Travis Gould is a non-sequitur. The Plaintiffs contend that they complied with Local Rule 26(b) by seeking a conference of counsel with the Magistrate Judge; they attach a copy of a document entitled "Conference of Parties" dated September 21, 2006, which was filed with the Court on November 14, 2006.  The document states:

> [U]nder Fed. R. Civ. P. 26(f), [the Plaintiffs] propose that the parties agree to a Magistrate Judge to preside over a settlement conference meeting to discuss an Alternative Dispute Resolution, who may choose to conduct such conferences by telephone or by a mutually convenient time for the parties and the ADR Administrator to meet and consider the pragmatic needs of the parties.

*Pls.' Mot.* Attach. 1 (Docket # 68).  The request for a settlement conference is not a request for a discovery conference under Local Rule 26(b).[2]  Before filing the motion to compel discovery, the Plaintiffs did not meet – and still have not met – the express requirements of Local Rule 26(b).

---

[2] For the benefit of the Plaintiffs, the Court recites Local Rule 26(b):

> No written discovery motions shall be filed without the prior approval of a judicial officer. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party shall then seek a prompt hearing with a judicial officer by telephone or in person. If the hearing is to be conducted by telephone, the Clerk will inform counsel of the time and date of the hearing and it shall be the responsibility of the moving party to initiate the telephone conference call to chambers. The recording of telephone hearings or conferences with the Court is prohibited, except with prior permission of the Court. The request for a hearing with a judicial officer carries

## III.    CONCLUSION

This Court DENIES James and Olivia Marcellos' Motion to Vacate its Order dated November 8, 2006 (Docket # 68).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of December, 2006

---

with it a professional representation by the lawyer that a conference has taken place and that he or she has made a good faith effort to resolve the dispute.

The lawyers or unrepresented parties shall supply the judicial officer with the particular discovery materials (such as objectionable answers to interrogatories) that are needed to understand the dispute.

If the judicial officer decides that motion papers and supporting memoranda are needed to satisfactorily resolve the discovery dispute, such papers shall be filed in conformity with Rule 7. Such motions shall (1) quote in full each interrogatory, question at deposition, request for admission or request for production to which the motion is addressed, or otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought; and (2) the response or objection and grounds therefor, if any, as stated by the opposing party.

Unless otherwise ordered by the Court, the complete transcripts or discovery papers need not be filed with the Court pursuant to subsection (c) of this rule unless the motion cannot be fairly decided without reference to the complete original.

Local Rule 26(b).