UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES C. MARCELLO, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Docket No. 06-68-B-W |
| | ) | |
| STATE OF MAINE, et al., | ) | |
| | ) | |
| Defendants | ) | |

### MEMORANDUM DECISION ON PLAINTIFFS' MOTIONS TO AMEND COMPLAINT AND TO DESIGNATE EXPERT WITNESSES AFTER DEADLINE

The plaintiffs, who appear *pro se* in this action, move for leave to amend their complaint to add a party plaintiff and to expand their specific allegations against the defendants. Motion for Leave to File New Amended Complaint (Docket No. 72) and proposed Amended Bill of Complaint, attached thereto. They also seek to extend by four days the deadline imposed by this court's scheduling order for designation of their expert witnesses. Motion for Leave to Extend Time to File Expert Witness Disclosure (Docket No. 73). I grant the motion for leave to amend in very limited part and deny the motion to extend the time to designate expert witnesses.

### I. Motion to Amend

The initial complaint named as defendants the State of Maine, J. William Anderson, Travis Gould, the law firm of Farrell, Rosenblatt & Russell and the "3rd District Court of Newport," a state district court. Bill of Complaint (Docket No. 1) at 1. The law firm's motion to dismiss, Docket No. 11, was granted on October 24, 2006, Docket Nos. 53, 55. Defendants the State of Maine, William Anderson and the Third District Court filed a motion to dismiss on October 27, 2006. Docket No. 54.

1

On November 27 and 28, 2006, after this motion was taken under advisement but before any decision had issued, the plaintiffs filed the motions now before the court. The court granted the motion to dismiss on December 13, 2006. Docket No. 76.[1]

The plaintiffs' proposed amended complaint adds the inhabitants of the Town of Stetson as plaintiffs, changes the final named defendant from "the 3rd District Court of Newport," Bill of Complaint at 1, to "the judges of 3rd District Court Newport," Amended Bill of Complaint (Docket No. 72) at 1, makes clear that the individual named defendants are sued in both their individual and official capacities, adds several new factual allegations and revises the prayer for relief. The defendants dismissed by the court's order of December 13, 2006 and defendant Gould have filed memoranda in opposition to the motion for leave to amend. Docket Nos. 77, 78.

The plaintiffs are not listed in the *Maine Bar Directory,* nor are they admitted to practice in this court. Accordingly, as non-lawyers, they may not represent the inhabitants of the Town of Stetson in this court. *See United States v. Ponte*, 246 F.Supp.2d 74, 80 (D. Me. 2003). Nor may they force the town to join them as plaintiffs. In the absence of any indication in the proposed amended complaint that the town has duly authorized its joinder as a plaintiff in this action and has retained counsel to represent it, this proposed addition to the complaint may not proceed.

Where a complaint as amended could not survive a motion to dismiss, then the motion to amend is to be denied as futile. *Aroostook Band of Micmacs v. Ryan*, 403 F.Supp.2d 114, 131 n.22 (D. Me. 2005). The court granted the motion of the state, Judge Anderson and the state district court to dismiss on the following grounds: as to the state, the state is not a proper defendant in an action brought under 42 U.S.C. § 1983, as is this one, Bill of Complaint ¶ 3, the state has not waived its sovereign immunity and this court lacks subject-matter jurisdiction over the plaintiffs' claims under the

---

[1] The law firm defendant was dismissed from this action before the plaintiffs filed the motion for leave to amend and may not now be
(*continued on next page*)

*Rooker-Feldman* doctrine, Order on Defendan[ts'] Motion to Dismiss ("Order") (Docket No. 76) at 6-9; as to Judge Anderson, judicial immunity, *id*. at 3-4; and as to the state district court, that entity is not a proper defendant to claims brought under section 1983, sovereign immunity and judicial immunity, *id*. at 5-6. Nothing in the proposed amended complaint would change any of these conclusions.

The proposed amended complaint adds only the following specific factual allegation against the state: it committed unspecified constitutional violations "arising from activities in the nature of tort" "to the extent that" the other named defendants held contempt proceedings in Waterville District Court for the "jurisdictional territory of" the Third District Court of Newport after James Marcello objected to the jurisdiction of the court "and in violation of the common law of the State of Maine." Amended Bill of Complaint ¶ 21. These additional allegations do not take the claims asserted against the state outside the scope of the *Rooker-Feldman* doctrine nor do they provide a basis to allege a waiver of the state's sovereign immunity or a reason to consider the state a person so as to render it potentially liable under section 1983. Under these circumstances, there is no reason to change the court's ruling on the motion to dismiss as to the state. The proposed amendments would be futile as to the state.

With respect to Judge Anderson, the proposed amended complaint adds the allegations that he is sued in both his official and individual capacities, *id*. ¶ 1; that he "acted in clear absence of all jurisdiction over subject matter, to the extent to purportly [sic] preside as a judge over purported contempt proceeding in designing a void and unconstitutional order containing a 30 day suspended sentence against Plaintiff James C. Marcello over his objection to the jurisdiction," on November 23, 2005, *id*. ¶ 8; that he "acted in clear absence of all jurisdiction over subject matter, to the extent by

---

brought back into the case by means of an amended complaint.

3

designing a void and unconstitutional order dated March 7, 2006 unlawfully on the behalf of Defendant Judges of 3rd District Court of Newport, for said defendant Gould, CEO to purportedly act under . . . to knowingly and willingly br[ea]k[] the close of Plaintiffs . . . property," *id*. ¶ 9; that he, "while acting in clear absence of all jurisdiction over subject matter and unlawfully on behalf of the Defendant Judges of 3rd District Court of Newport," arbitrarily denied "Plaintiff Marcello's" application dated November 28, 2005 to proceed without fees in an appeal "on the questions of jurisdiction in the contempt proceedings and whether the alle[]ged contemptuous act constitutes a contempt at law," *id*. ¶ 12; and that on May 19, 2006 he "acted in clear absence of all jurisdiction over subject matter, illegally holding a purported contempt proceeding, in the Waterville District Court against plaintiff Marcello, exclusively belonging to the territorial jurisdiction of the 3rd District Court of Newport if it had jurisdiction over the contempt proceedings, to the extent by signing an order, void and unconstitutional and designed by defendant Haddow, purporting on it[]s face a warrant of arrest (a kidnapping — false imprisonment) to issue against said plaintiff James Marcello for a 30 day jail sentence claiming he is contemptuously living in his home in the Town of Stetson . . . to the extent by compelling said plaintiff who is disabled to sign in exchange for jail release," *id*. ¶ 22.

      These additional allegations represent an attempt to avoid the impact of the doctrine of judicial immunity, which renders judges immune from liability for damages resulting from acts committed within their judicial jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). It is not enough merely to allege that a judge "acted in clear absence of all jurisdiction" when he or she took the actions at issue in order to avoid dismissal of such a claim, however. As the court noted in ruling on the motion to dismiss the initial complaint:

> Plaintiffs' complaints against Judge Anderson go to the heart of his exercise of judicial discretion: ruling on applications, holding hearings, approving warrants, and issuing orders. Plaintiffs failed to allege sufficient facts for the Court to infer that Judge Anderson took these actions "in the clear absence of

4

> all jurisdiction." *Stump* [*v. Sparkman*], 435 U.S. [349,] 356-57 [1978]; *see also Cok* [*v. Cosentino*], 876 F.2d [1,] 2 [1st Cir. 1989].

Order at 5. Such factual allegations are still missing in the proposed amended complaint, which accordingly fails to state a claim on which relief may be granted. As the First Circuit has stated repeatedly, a court reviewing a complaint in the context of a motion to dismiss must assume the truth of the complaint's factual allegations, "but not its unsupported conclusions and animadversions." *Pagán v. Calderón*, 448 F.3d 16, 30 (1st Cir. 2006).

Nor does the fact that the proposed amended complaint states that Judge Anderson is sued in both his individual and official capacities require a different outcome. Judicial immunity extends to a judge sued in his individual capacity, *Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005), as well as to claims asserted against him in his official capacity, *Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980).

The proposed amendments to the complaint would be futile with respect to Judge Anderson.

The same is true with respect to the Third District Court of Newport, or, as the caption of the proposed amended complaint puts it, the judges of the Third District Court Newport. The only new allegations in the proposed amended complaint that could possibly be read to refer to this party are that Judge Anderson "design[ed] a void and unconstitutional order dated March 7, 2006 unlawfully on the behalf of Defendant Judges of 3rd District Court of Newport," Amended Bill of Complaint ¶ 9, and that Judge Anderson acted "unlawfully on behalf of the Defendant Judges of 3rd District Court of Newport" on or about December 23, 2005 when he denied James Marcello's application to proceed without payment of fees, *id*. ¶ 12. Neither of these additions actually alleges that the judges of the Third District Court themselves did anything. To the extent that these allegations may reasonably be read to impute to all judges of a particular court liability for the actions of one such judge, assuming *arguendo* the dubious premise that such a concept is legally viable, neither the Third District Court

5

nor its judges as a group is a person for purposes of liability under section 1983 and the protection of sovereign immunity extends to the state's courts, as does the protection of judicial immunity, for all the reasons set forth in the court's order granting the state defendants' motion to dismiss. Order at 5-6. The proposed amendments would be futile as to either the Third District Court or the judges of that court.

Defendant Travis Gould also opposes the motion for leave to amend, but only as to the attempt to add the town as a plaintiff. Defendant Travis Gould's Memorandum in Opposition to Plaintiff's Motion to Amend Complaint (Docket No. 78) at 1-3. Accordingly, it appears that the plaintiffs must be allowed to amend their complaint to the extent that the proposed new complaint adds allegations against Gould. As far as I can determine, the following are such allegations: (i) that Gould is sued both in his official and his individual capacities, Amended Bill of Complaint ¶ 1; (ii) that he conspired with others "for the purpose to deprive plaintiff Marcello of his use of his trail[e]r home, obtain wrongful attorney fees, and extort said plaintiff Marcello of his disability income through methods of false imprisonment," *id.* ¶ 8; (iii) that he acted "knowingly and willingly" to enter the plaintiffs' property on March 22 and 29, 2006 "after being directly forbidden by the owner to enter," "br[e]aking a hole in the wire fence" in the process, *id.* ¶ 9; (iv) that he swore falsely in an affidavit dated April 5, 2006 "for purposes of sustaining the deprivation of trail[e]r home use of plaintiff Marcello," *id.* ¶ 11; (v) that he improperly entered the plaintiffs' property on March 22 and 29, 2006 "by br[e]aking a hole in the wire fence on the collateral boundaries" and subsequently refused to leave when told to do so by plaintiff Olivia Marcello, "causing pain, suffering, and emotional damage, and property damage," *id.* ¶ 20; and (vi) that he "conspire[d]" with Judge Anderson to issue an affidavit "indicating a violation of the terms [of a court order] and a right to sell plaintiffs['] property for wrongful attorney fees," *id.* ¶ 22. This much of the proposed amendment, and only this much, must be allowed.

## II.  Motion to Extend Time

The scheduling order in this case required the plaintiffs to designate any expert witnesses and to provide a complete statement of all opinions to be expressed and the basis and reasons therefor by November 24, 2006.  Scheduling Order, etc. (Docket No. 32) at 2.[2]  On November 28, 2006 the plaintiffs filed a motion for leave to extend the time to file their expert disclosures along with their proposed disclosure.  Motion for Leave to Extend Time to File Expert Witness Disclosure (Docket No. 73-1).  The stated reason for the request is "the demand of Defendant State of Maine's Motion to Dismiss and the necessity to respond, and the required deadline to be met for said plaintiffs' Amended Complaint."  *Id*.   Only defendant Gould has filed an opposition to this motion.  Defendant Travis Gould's Memorandum in Opposition to Plaintiff's Motion to Extend Time to Designate Expert Witnesses (Docket No. 79).  Gould opposes the motion on the grounds that it is untimely and that the designation does not meet the requirements of the scheduling order.  *Id*. at 1-3.

While the pleadings of a *pro se* litigant are held to a less stringent standard than are those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), such litigants must nonetheless comply with the procedural rules and orders of the court, *Carlson v. Rent-A-Center, Inc.*, 237 F.Supp.2d 114, 116 (D. Me. 2003); *Greenier v. Pace, Local No. 118*, 201 F.Supp.2d 172, 185 (D. Me. 2002).   While the motion for an extension of time was filed only four days after the deadline for designation, it offers no reason why the request could not have been filed before the expiration of that deadline.  The general press of work is not an acceptable excuse for failure to meet a court-imposed deadline, whether proffered by an attorney or a litigant representing himself.  *Robinson v. Wright*, __ F.Supp.2d __, 2006 WL 3072556 (D. Me. Oct. 31, 2006), at *2-*3.

---

[2] The granting, Docket No. 39, of an unopposed motion to amend the scheduling order, Docket No. 36, had no effect on this deadline.

Gould is also correct in his observation that the proposed expert designation does not comply with the requirements of the scheduling order. The portions of the proposed designation of Dr. David Bears of the Acadia Mental Health Clinic and his clinical assistant, Sandra McIntyre, that may reasonably be construed as representing the "complete statement of all opinions to be expressed and the basis and reasons therefor" required by the scheduling order read as follows:

> **Subject Matter:** The Marcellos['] paranoid fears, resulting increase aggr[a]vated cond[i]tions from the (10) years of legal matters in complained of.
>
> **Substance of the Fact and Opinions:** Marcellos' continuous monthly complaints of fear induced and post tra[u]matic stress disorders resulting from Defendants Steward Brooks, CEO, Travis Gould, CEO, State of Maine Code Enforcement officers, for the Town of Stetson, the Lawyers from law Firm "Farrell, Rosenblatt, Russell" terrorizing plaintiff Marcellos and necessary medications r[e]quired in the treatment thereof.
>
> **Data Information:** The mental health records of the plaintiff Marcellos from the Acadia Health Clinic in Pittsfield.

Plaintiff "Marcellos" Expert Witness Disclosure (Docket No. 73-2) at 1-2. Attached to the designation is a three-sentence letter dated October 6, 2005 addressed "To Whom It May Concern" and signed by Ms. McIntyre. Docket No. 73-3. While the apparent basis for any opinions to be offered by the two designated experts will be the plaintiffs' "monthly complaints,"[3] these documents do not begin to demonstrate what opinions will be offered and the reasons for those opinions.

Due to the combination of unexcused untimeliness and insufficiency of the designation, the motion to extend the time for such designation is denied.

### III. Conclusion

For the foregoing reasons, (i) the plaintiffs' motion for leave to amend the complaint is **GRANTED** only as to the specified allegations asserted against defendant Gould and otherwise

**DENIED** and (ii) the plaintiffs' motion to extend the deadline for filing their designation of expert witnesses is **DENIED**. The plaintiffs may file a new amended complaint no later than January 22, 2007 that complies fully with this opinion and otherwise contains no new parties or allegations.

Dated this 8th day of January 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

[3] Even granting the plaintiffs the benefit of this assumption, the statement offers no articulation of the nature of the "monthly complaints" beyond a conclusory assertion that is insufficient to met the requirements of the scheduling order.