UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES C. MARCELLO, and<br>OLIVIA MARCELLO<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE OF MAINE, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  CV-06-68-B-W<br>)<br>)<br>)<br>)<br>) |

## ORDER ON PLAINTIFFS' OBJECTION TO THE MAGISTRATE'S ORDER

On January 8, 2007, Magistrate Judge Cohen granted in part and denied in part Plaintiffs' Motion to Amend Complaint and to Designate Expert Witnesses After Deadline. *See Order* (Docket # 82). On January 17, 2007, Plaintiffs filed an objection to that Order. *See Pls.' Reply Memo. of Law in Support of New Am. Compl. and Expert Wit. Disclosure* (Docket # 85) (*Pls.' Obj.*).[1] Plaintiffs offer two grounds for their objection.

First, they "object to and question said US Magistrate Judge David M. Cohen's jurisdiction to the extent of his power to hear said plaintiffs' Motion . . . in the absence of Local Rule of Court and Statutory Authority." *Pls.' Obj*. at 1. This argument is unfounded.[2] Local Rule 72(c) outlines the duties and authority of United States Magistrate Judges in the District of Maine:

> [A]ny full-time Magistrate Judge appointed is authorized to exercise all powers and perform all duties conferred upon

---

[1] In response to Plaintiffs' objection, Defendant Gould argues that, because the Plaintiffs benefited from the Magistrate's Order, they lack standing to object. *Def.'s Resp. to Obj. to Order on Mot. to Am.* (Docket # 90). In fact, Magistrate Judge Cohen granted the motion to amend in part and denied it in part. *See Order* (Docket # 82). The same is true of Defendant Gould's contention that the Plaintiffs lack standing because in violation of the Order, they failed to file an amended complaint by January 22, 2007. *Id.* The Plaintiffs' failure to comply with the Order does not eliminate their standing to object to it.

[2] Plaintiffs cite Rule 32(f), but meant to cite Rule 72(c).

> magistrate judges by sections 636(b) and (c) and (g) of Title 28, United States Code, and to exercise the powers enumerated in Rules 5, 8, 9 and 10, Rules Governing Section 2254 and 2255 Proceedings in accordance with the standards and criteria established in 28 U.S.C. § 636(b)(1).

Local Rule 72(c). Section 636(b) provides:

> [A] judge may designate a magistrate [magistrate judge] to hear and determine *any pretrial matter pending before the court*, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's [magistrate judge's] order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A) (emphasis added). The Plaintiffs' Motion to Amend the Complaint falls squarely within Magistrate Judge Cohen's authority, because it is a pretrial matter and not one of the exceptions enumerated in section 636(b).

Second, citing Rule 53(a)(1)(A), Plaintiffs complain that, because they have not consented to Magistrate Judge Cohen's disposition of the motion, he lacks authority to do so.[3] This argument also misses the mark. Upon consent of the parties, a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). But, once properly designated, a magistrate judge does not need the consent of the parties to rule on a pretrial matter such as a motion to amend the complaint. *See* 28 U.S.C. § 636(b)(1)(A).

The Court OVERRULES Plaintiff's Objection to the Magistrate's Order. (Docket # 85).

SO ORDERED.

---

[3] Rule 53(a)(1)(A) of the Federal Rules of Civil Procedure is inapplicable to this case. That rule deals with the appointment of masters, which courts sometimes use to supervise discovery, in cases requiring special expertise, or when a magistrate judge is unavailable. *See* Fed. R. Civ. P. 53 advisory committee's notes (1983).

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2007