UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES C. MARCELLO, and ) | |
| OLIVIA MARCELLO ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CV-06-68-B-W |
| v. ) | |
| ) | |
| STATE OF MAINE, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO EXTEND TIME TO FILE IDENTIFICATION OF ENTERPRISE TO ANNEX TO AMENDED COMPLAINT**

The Court denies the Plaintiffs' motion because the proposed identification of enterprise violates the Magistrate Judge's January 8, 2007 Order.

**I. STATEMENT OF FACTS**

On November 27, 2006, Plaintiffs James and Olivia Marcello moved for leave to amend their complaint. *See Pls.' Mot. to Amend Compl. and to Designate Expert Witnesses After Deadline* (Docket # 72). On January 8, 2007, Magistrate Judge Cohen granted the motion in part and denied it in part. *See Order* (Docket # 82). Magistrate Judge Cohen allowed certain new allegations, but only against Travis Gould, the sole remaining defendant. Perhaps cognizant of the Plaintiffs' *pro se* status, the Order itemizes the permissible allegations against Mr. Gould and instructs Plaintiffs that they must file a new amended complaint "no later than January 22, 2007 that complies fully with this opinion and otherwise contains no new parties or allegations." *Id.*

On January 12, 2007, Plaintiffs sought leave to file what they term an "annex" to their amended complaint in order to "identify the enterprise." *Pls.' Mot. for Leave to Extend Time to*

*File Identification of Enterprise to Annex to Am. Compl.* at 1 (Docket # 84) (*Pls.' Mot.*). In their memorandum in support of the motion, Plaintiffs state:

> It is self evident, in these proceedings before this court, that the Defendants lawyers of the law firm "Farrell, Rosenblatt, & Russell and Co-Defendant Travis Gould, State of Maine Code Enforcement Officer for Town of Stetson, have circumvented the Federal Rules of Civil Procedure by willfully misusing Rule 12(b)(1) & (6) as a stratagem to both avoid, without later premise, to answer the allegations set forth in the complaint against them and to provide said plaintiffs with their respected discovery demands.

*Pls.' Mot*. at 3. Quoting *Mathis v. Clerk of First Dep't, App. Div.*, 631 F. Supp. 232, 235 (S.D.N.Y. 1986), the Plaintiffs argue that "leave to amend a complaint should be 'freely given' when justice requires, particularly in the case of a *pro se* civil rights plaintiff who has not yet had the benefit of discovery." They say that under *Segreti v. Lome*, 747 F. Supp. 484 (N.D. Ill. 1990) and *Federal Ins. Co. v. Ayers*, 741 F. Supp. 1179 (E.D. Pa. 1990), they are required to "identify the enterprise" in order to sustain their RICO claim. *Id*. at 3-4.

The Plaintiffs attach to their Memorandum a document entitled "Plaintiffs' Identification of the Enterprise to Annex to Amended Complaint." In the Annex, the Plaintiffs identify (1) "the Defendant lawyers of the law firm "Farrell, Rosenblatt, Russell"; (2) "the Defendant State of Maine Code Enforcement Officers of Town of Stetson Mr. Steward Brooks,[1] CEO and Travis Gould, CEO"; (3) "the Defendant Judges of Third District Court Newport"; and, (4) the Penobscot County Sheriff's Department. *Pls.' Mot.* Attachment 1 (*Pls.' Proposed Identification of the Enterprise to Annex to Am. Compl.*) at 1. In a memorandum of law attached to the Annex, the Plaintiffs cite *United States v. Masters*, 924 F.2d 1362 (7th Cir. 1991) for the proposition that a "RICO enterprise which is not legal entity need not be a group of formerly associated

---

[1] The Plaintiffs misidentify Mr. Brooks as Stewar<u>d</u> Brooks, not Stewart Brooks. *See State Court Record*, *Aff. of Stewart Brooks* (Docket # 52). Also, this Court earlier ruled that Mr. Brooks' activity as Code Enforcement Officer as alleged was beyond the applicable statute of limitations. *Order on Def.'s Mot. to Dismiss* at 8-9.

individuals but may be "association in fact;" thus, law firm, police department, and sheriff's department may constitute 'enterprise.'" *Id.*

## II.    DISCUSSION

The Plaintiffs' motion contains a multitude of problems. First and most significantly, they have failed to comply with Magistrate Judge Cohen's Order dated January 8, 2007. That Order expressly provided that they "may file a new amended complaint no later than January 22, 2007." *Order* at 9. The Plaintiffs have not filed an amended complaint, but rather have filed only an identification of enterprise. This document may seek to explain the individuals and organizations the Plaintiffs claim constitute an enterprise for purposes of an alleged RICO violation, but it is not an amended complaint.

Even if the Court were to construe the annex as an attempt to amend the complaint, the pleading fails to comply with Magistrate Judge Cohen's Order in other respects. Magistrate Judge Cohen ordered the Plaintiffs to file an amended complaint "that complies fully with this opinion." *Order* at 9. In the Order, Magistrate Judge Cohen carefully explained why the Plaintiffs could not implead Farrell, Rosenblatt & Russell and the Judges of the Maine District Court, explanations that echoed the Court's earlier Orders dismissing these parties. *Am. Order on Def.'s Mot. to Dismiss* (Docket # 55); *Order on Defs' Mot. to Dismiss* (Docket # 76). Yet, ignoring these Orders and explanations, the annex seeks to bring Farrell, Rosenblatt & Russell and the Judges back into to the case. Second, Magistrate Judge Cohen ordered that any amended complaint must not contain any "new parties." Yet, the annex refers to the Penobscot County Sheriff's Department and to Mr. Brooks, each of whom would be a new party to the cause of action. Finally, Magistrate Judge Cohen specified the allegations against Travis Gould that were permissible. Yet, the Plaintiffs have not made the permitted allegations; rather, they have simply

3

generally listed him along with the law firm, the judges, the sheriff's department, and Mr. Brooks as being part of the enterprise. In short, instead of filing what they were permitted to file, they have filed precisely what they were not permitted to file.

The Court will respond briefly to the remaining assertions in the motion. First, it is true that *Mathis* stands for the proposition that leave to amend shall be freely granted, a legal proposition with which the Court has no quarrel.[2] *Mathis*, 631 F. Supp. at 235. But, Magistrate Judge Cohen granted the motion for leave to amend the complaint, so their request to amend the complaint was "freely granted." He did so, however, with some restriction, since the Plaintiffs cannot use an amended complaint to revive allegations that the Court has already dismissed. The Plaintiffs have simply failed to comply with the Order. Second, contrary to the quoted statement in *Mathis*, the Plaintiffs have had the opportunity to engage in discovery against the remaining defendant.[3] Third, to the extent the Plaintiffs contend that in filing the motion to dismiss, Farrell, Rosenblatt & Russell misused Federal Rule of Civil Procedure 12(b)(6) to avoid discovery, one of the purposes of a motion to dismiss is to summarily address claims upon which the plaintiff cannot recover as a matter of law, and thereby to avoid the expense and time necessitated by a cause of action upon which the plaintiffs are unable to succeed.

The Court DENIES the Plaintiffs' Motion for Leave to Extend Time to File Identification of Enterprise to Annex to Amended Complaint (Docket # 84).

---

[2] In *Mathis*, Judge Sweet denied the plaintiff's motion for leave to amend his complaint on the ground that the proposed new defendant, the Appellate Division of the New York Supreme Court, would be entitled to judicial immunity, a ruling similar to this Court's earlier Order. *Mathis*, 631 F. Supp. at 235-36; *Order on Def.'s Mot. to Dismiss* (Docket # 76).

[3] In his response, Mr. Gould represents that he has provided the Plaintiffs with answers to interrogatories and responded to a request for production of documents. *Def. Travis Gould's Memo. in Opp'n to Pls.' Mot. to Extend Time to File Identification of Enterprise to Annex to Am. Compl.* at 3 (Docket # 89).

SO ORDERED.

              /s/ John A. Woodcock, Jr.
              JOHN A. WOODCOCK, JR.
              UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2007