UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES C. MARCELLO, and | ) | |
| OLIVIA MARCELLO | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CV-06-68-B-W |
| v. | ) | |
| | ) | |
| STATE OF MAINE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON PLAINTIFFS' MOTION TO RECONSIDER

The Court denies James C. Marcello's motion for reconsideration of its Order dated February 28, 2007, which earlier denied his Motion to Temporarily Vacate State Court Order on Grounds of Special Circumstances. The Court rejects Mr. Marcello's contention that his desire to travel to the commonwealth of Massachusetts to care for his mother affects the legitimacy of the state district court order for his civil arrest, that the state court order is jurisdictionally suspect, and that 42 U.S.C. § 1983 is implicated.

**I.    STATEMENT OF FACTS**

On February 28, 2007, this Court denied the Plaintiffs' Motion to Temporarily Vacate State Court Order on Grounds of Special Circumstances. *See Pls.' Mot. to Temporarily Vacate State Court Order on Grounds of Special Circumstances* (*Pls.' Mot.*) (Docket # 94); *Order* (Docket # 95). The Plaintiffs had asked the Court to temporarily vacate an Order of the Maine District Court dated May 19, 2006. In that Order, Judge Anderson held Mr. Marcello in contempt of court for violating a November 23, 2005 court order, sentenced Mr. Marcello to a thirty-day period of incarceration, and ordered that an arrest warrant issue for service of the

sentence. *See Pls.' Mot.* Att. 1 (*State Court Order*). Judge Anderson allowed Mr. Marcello to purge himself of the contempt simply by signing a pledge not to violate the order, if released. *Id.* Mr. Marcello asked this Court to vacate the Maine State District Court's May 19, 2006 Order because Mr. Marcello's mother was at risk of serious harm in Massachusetts, and he wished to travel without fear of arrest either on his way to Massachusetts or while there. This Court denied the motion because it is clearly without jurisdiction to amend or stay a duly granted and final order of the Maine District Court.

Mr. Marcello moves for reconsideration. He claims the Court erred for three reasons, citing three different cases: (1) that federal courts "have jurisdiction of a suit to nullify a judgment of a state court obtained by fraud or rendered without jurisdiction," citing *Northern Pac. Ry. Co. v. Kurtzman*, 82 F. 241 (D. Wash. 1897); (2) that because "contempt proceedings are substantially criminal in their nature," and because "one court is not authorized to punish a contempt against another court or judge," "Waterville District Court Judge Anderson's Order dated May 19, 2006, punishing plaintiff . . . against another court[,] the 3rd District Court of Newport [whose] territorial jurisdiction covers exclusively the said plaintiff's Stetson property, is neither final nor original," citing *Androscoggin & Kennebec R.R. Co. v. Androscoggin R.R. Co.*, 49 Me. 392 (1862); and, (3) that the Court's failure to act is contrary to the purpose of the federal civil rights statute, 42 U.S.C. § 1983, which "interposes federal courts between states and people, as guardians of people's federal rights, and thus protect people from unconstitutional action under color of law," citing *Mitchum v. Foster*, 407 U.S. 225 (1972). *Pls.' Mot*. at 1-2.

**II.   DISCUSSION**

None of these cases requires a different result. Regarding the first argument, even assuming *arguendo* that this Court has the authority to nullify a state court judgment, Plaintiffs'

motion provides no basis for doing so.  The motion to vacate does not refer to the state district court's fraud or lack of jurisdiction; it simply asks the Court to temporarily vacate the state district court judgment due to "special circumstances," namely the infirmity of Mr. Marcello's mother and Mr. Marcello's desire and need to be in Massachusetts to assist her.

     Mr. Marcello's second argument, to the extent the Court understands it, is plainly wrong.  Judge Anderson's Order dated May 19, 2006 was not issued from the state of Maine District Court in Waterville; it is captioned "State of Maine, Penobscot, SS., District Court, Civil Action Docket No. NEW-CV-97-086."  *State Court Order* at 1.  The docket number establishes that Judge Anderson's Order emanated from the district court whose territorial reach includes the town of Stetson.  *See* 4 M.R.S.A. § 153(22).  To the extent Mr. Marcello contends that Judge Anderson, as a judge periodically assigned to Maine District Court in Waterville, does not have jurisdiction to rule on a district court case pending in Maine District Court in Newport, he is in error.  The Chief Judge assigns each state district court judge "where . . . they are needed."  4 M.R.S.A. § 164(2).  That Judge Anderson sat in Waterville on one occasion and in Newport on another has no impact whatsoever on his authority.  Courts have "the inherent power to enforce compliance with their lawful orders through civil contempt."  *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *United States v. Three Crows Corp.*, 324 F. Supp. 2d 203, 205-06 (D. Me. 2004).  Finally, the time to challenge the legality of the May 19, 2006 Order of the Maine District Court has long since passed and the place to challenge the Order is there, not here.  Similarly, to stay the operation of the Order based on special circumstances, Mr. Marcello must seek permission from the state court that issued the Order, not from a federal court that did not.

     This leads to the last point, a contention that section 1983 is somehow implicated in Mr. Marcello's desire to avoid civil arrest in attempting to see his ailing mother.  The Court certainly

does not fault Mr. Marcello's wish to assist his mother, but his filial devotion, however commendable, is not a matter of constitutional dimension.

### III. CONCLUSION

The Court DENIES James C. Marcello's Motion for Reconsideration of this Court's Order dated February 28, 2007 (Docket # 100).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2007