UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES C. MARCELLO, and ) <br> OLIVIA MARCELLO ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STATE OF MAINE, et al. ) <br> ) <br> Defendants. ) | CV-06-68-B-W |

## ORDER ON PLAINTIFFS' MOTION TO VACATE AND MOTION TO STRIKE

This legal journey began in 1997, when the town of Stetson initiated enforcement proceedings against the Plaintiffs for failure to comply with the Town's building code. Ten years, numerous law suits, and countless motions later, the Plaintiffs have at last arrived near the end of an exceedingly long road. They now invite the Court to turn back and revisit its judgment against them. Concluding that none of the Plaintiffs' arguments justifies relief, the Court declines their invitation.

### I.   STATEMENT OF FACTS

On April 6, 2007, the Court granted summary judgment in favor of the sole remaining defendant, Travis Gould. *See Order Granting Mot. for Summ. J. and/or Mot. to Dismiss* (Docket # 106) (*Order*). Because the Order constituted a final decision on the merits, disposing all claims as to all parties, judgment was entered in favor of all defendants on April 9, 2007. *See Judgment* (Docket # 107). Shortly thereafter, Plaintiffs moved the Court to vacate its decision and strike the judgment from the record. *See Pls.' Mot. to Vacate a Summ. J.* (Docket # 108) (*Pls.' Mot.*); *Pls.' Mot. to Strike Judgment* (Docket # 110).

## II.  DISCUSSION

Although Plaintiffs' motion makes no reference to a procedural rule, it was filed within ten days of the issuance of the Order, and the Court will treat it as a Rule 59(e) motion to alter or amend judgment.  *See* FED. R. CIV. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."); *see also United States v. $ 23,000 in United States Currency*, 356 F.3d 157, 165 (1st Cir. 2004) ("We note that a motion 'asking the court to modify its earlier disposition of the case because of an allegedly erroneous legal result is brought under FED. R. CIV. P. 59(e).'"); 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 ("This rule also has been interpreted as permitting a motion to vacate a judgment rather than merely amend it.").  "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law."  *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006).

### A.  Plaintiffs' Motion to Vacate

The Marcellos list seven reasons they contend the Court should vacate its judgment; however, none provides the Court with a sound justification for doing so.

#### 1.  "Court's Failure to Rule on Plaintiffs' Objection"

Plaintiffs first assert that they never received an order regarding their "consolidated objection to motion to strike and more definite statement."  *Pls.' Mot*. at 2 ("Somewhere between docket # 99 and # 103 l[ie]s a m[y]stery to plaintiffs.").  In response to Travis Gould's motion for summary judgment, on March 9, 2007, Plaintiffs filed a mislabeled document, cryptically titled "Objection to Motion to Strike and More Definite Statement."  The motion read in part:

> Now come Plaintiffs, James C. Marcello, Olivia A. Marcello (the "Marcellos"), and the Inhabitants of the Town of Stetson (the

2

> "Inhabitants of Stetson") (collectively, the "Plaintiffs") and, pursuant to Rule 12(e)+(f) of the Federal Rules of Civil Procedure, hereby consolidate an Objection to Motion to Strike and Motion for More Definite Statement to the Motion to Dismiss and/or for Summary Judgment filed by Defendant Travis Gould's (sic) and assigns grounds as follows . . . .

*Obj. to Mot. to Strike and More Definite Statement* at 1 (Docket # 101) (*Pls.' Mot. to Strike*). As phrased, the motion was difficult to construe, since Mr. Gould had filed neither a motion to strike nor a motion for more definite statement and the Plaintiffs could not have been objecting to one of their own motions. To give the Plaintiffs the benefit of the doubt, the Court construed the pleading to be an objection to Mr. Gould's pending motion for summary judgment.[1] *See Order* at 9-13. Even so, the Court concluded that Plaintiffs did not comply with Federal Rule 56 or Local Rule 56. *See id.*

Mr. and Ms. Marcello now explain that the Objection to Motion to Strike and More Definite Statement was actually a motion to strike and a motion for more definite statement, and complain that the Court failed to rule on those two motions. The short answer is that neither motion is appropriate in a summary judgment context. Regarding the motion to strike, the Local Rules of this District are unequivocal that "[m]otions to strike statements of fact are not allowed." Local Rule 56(e). Regarding the motion for more definite statement, Rule 12 applies only to pleadings, not to motions. *See* FED. R. CIV. P. 12(e) ("If a *pleading* to which a responsive *pleading* is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive *pleading*, the party may move for a more definite statement before interposing a responsive *pleading*.") (emphasis added). In excess of caution and for the Plaintiffs' understanding, however, the Court will address the merits of each motion.

---

[1] The alternative would have been to default the Plaintiffs for failure to respond to Mr. Gould's motion for summary judgment.

### a. Motion for More Definite Statement

Rule 12(e) provides that if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." FED. R. CIV. P. 12(e). Rule 7 distinguishes between "pleadings" and "motions."[2] A motion for summary judgment is not a pleading within the meaning of Rule 12(e) and, therefore, a motion for more definite statement is not a cognizable response to such a motion.

Rule 12(e) is designed to provide relief for a defendant who is having difficulty crafting an answer in response to an overly vague or ambiguous complaint. *See* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 ("[T]he defendant can request a more definite statement of the complaint in order to enable the preparation of an answer."); *Padilla v. County of Cook*, No. 90-C-1363, 1999 U.S. Dist. LEXIS 6517 (N.D. Ill. Apr. 27, 1999) ("A motion for a more definite statement under Rule 12(e) is appropriate when the defendant cannot understand the gravamen of the plaintiff's complaint.").

Further, even if Rule 12(e) applied, there are no grounds for mandating a more definite statement in this case. Although Plaintiffs claim that "[t]here are no properly framed questions or issues to which said plaintiffs may properly [respond] . . . ." *Pls.' Mot. to Strike* at 1, Mr. Gould's motion for summary judgment and accompanying statement of material facts were

---

[2] Rule 7(a) deals with pleadings as follows:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

FED. R. CIV. P. 7(a).

clearly stated and in compliance with the rigor of Rule 56. To the extent the Plaintiffs' filing was a motion for more definite statement, the Court denies the motion.

### b. Motion to Strike

In addition, Plaintiffs move to strike particular evidence in Mr. Gould's motion; they posit six bases for the motion:

First, the Plaintiffs object to any evidence of what they claim is the fruit of an illegal search of their property. The Court ruled in its Order on Mr. Gould's motion for summary judgment that the search was constitutional, *Order* at 16-18, and, based on its Order, the Court declines to strike evidence that was obtained during the search.

Second, the Plaintiffs further seek to strike evidence of what they assert is a "void order[] of the Waterville District Court Defendant Judge Anderson . . . made outside the territorial jurisdiction against said plaintiffs' Stetson property and person." *Pls.' Mot. to Strike* at 2. The Court addressed this question in its Order on the Plaintiffs' Motion for Reconsideration. *Order on Pls.' Mot. for Recons.* at 3-4 (Docket # 105). Judge Anderson's Order was not extra-jurisdictional and the Court denies the motion to strike on that basis.

Third, the Plaintiffs object to the Affidavit of Travis Gould., because they claim his Affidavit contains statements that are inadmissible because they are false and perjurious. They offer no specifics, but assert that the evidence in the Affidavit is "so contradictory, that an open and rigid cross-examination of the said defendant Gould before a jury is necessary for the ascertainment of the truth." *Pls.' Mot. to Strike* at 2. Here, the Plaintiffs failed to deny the statements of material fact based on the Affidavit and, therefore, have waived this objection. Furthermore, the Court has reviewed Mr. Gould's Affidavit and rejects the Plaintiffs' characterization of its contents. The Court denies the motion to strike on this basis.

Fourth, the Plaintiffs object to "the orders and judgments evidence" on the ground that they are "beyond the six year statute of limitation[s] and beyond consideration." *Id.* Presumably, the Plaintiffs are referring to the six year statute of limitations in Maine law, which, by its terms, applies to the commencement of civil actions, not judgment. *See* 14 M.R.S.A. § 752 ("All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, except actions on a judgment or decree of any court of record of the United States, or of any state . . . ."). Furthermore, the statute of limitations does not apply to bar the introduction of *evidence* that is more than six years old; rather, it prevents plaintiffs from bringing suit based on stale claims. The Court denies the Plaintiffs' motion to strike based on the statute of limitations.

Fifth, they move to strike the Order issued by Judge James M[a]cMichael[] on the ground that he "disqualified himself deeming the said order and judgment void." *Pls.' Mot.* at 2. This assertion is frivolous. The background of Judge MacMichael's recusal is set forth in this Court's Order dated October 24, 2006. *Order on Def.'s Mot. to Dismiss* at 3-4 (Docket # 53). Judge MacMichael's recusal, which was occasioned by Mr. Marcello's own asserted failure to abide by an agreement he had made in open court before the judge, provides no basis for attacking the Judge's orders.

Finally, they object to Mr. Gould's statement of material facts as being "total scand[a]lous material, i[m]pertinent, and designed for delay." *Pls.' Mot. to Strike* at 2. The Plaintiffs not only failed to explain why Mr. Gould's statement of material facts is so scandalous to merit being struck, but they failed to properly contest the statement in accordance with the Local Rules. The Court declines to strike Mr. Gould's statement of material facts.

The Court denies the Plaintiffs' motion for more definite statement and motion to strike.

## 2. "Gravity and Difficulty of Questions Involved"

Plaintiffs next posit that because this case presents "[c]onstitutional questions, such as the plaintiffs Marcellos' 4th and 14th Constitutional Amendment Rights," the Court should not have decided the case on summary judgment. *Pls.' Mot*. at 2. They cite *Pennsylvania Steel Co. v. New York City Ry. Co.*, 165 F. 467 (C.C.S.D.N.Y. 1908), for the proposition that cases involving difficult questions of law or fact should not be decided in a summary manner. *Id*.[3] This case predates the advent of Federal Rule 56, which does not bar summary judgment for "difficult questions of law;" instead, the rule provides that summary judgment is only appropriate when there is "no genuine issue as to any material fact." FED. R. CIV. P. 56(c).

Notwithstanding the number of opinions the Court has issued in the Plaintiffs' case, it does not contain any genuine issues of material fact nor any difficult questions of law, and it is entirely appropriate for disposition on a motion for summary judgment. Section 1983 actions alleging violations of civil rights are commonly decided in this manner. *See, e.g., Calvi v. Knox County*, 470 F.3d 422 (1st Cir. 2006); *Cox v. Hainey*, 391 F.3d 25 (1st Cir. 2004); *Nelson v. Kline*, 242 F.3d 33 (1st Cir. 2001); *Upham v. Gallant*, No. 99-2224, 2000 U.S. App. LEXIS 23915 (1st Cir. Sept. 15, 2000); *Miller v. Kennebec County*, 219 F.3d 8 (1st Cir. 2000); *Fletcher v. Town of Clinton*, 196 F.3d 41 (1st Cir. 1999). Plaintiffs simply are not entitled to relief from the Court's judgment on this basis.

---

[3] After tracking down this 100-year-old case, the Court was unable to locate the passage quoted by the Plaintiffs. The *Pennsylvania Steel* case concluded that an allegation that a lease between the parties should be declared "void and contrary to public policy, ultra vires and fraudulent" should not be subject to summary disposition. *Pennsylvania Steel*, 165 F. at 468. It may be that the *Pennsylvania Steel* case was within a quotation from the *Brien v. Clay* case that the Plaintiffs cited as 1 E.E. Smith (N.Y.) 640; however, the Court could not locate the *Brien v. Clay* case. The Court was able to locate the next case Plaintiffs cited: *Reid v. Fillmore*, which does state: "Constitutional questions, and grave and doubtful questions of fact and law, or questions which involve the whole merits of a cause, will not be determined on motion." 73 P. 849 (Wyo. 1903). But, that quotation is from the reporter's notes of what the defendant argued, not what the Court held. In any event, (with the possible exception of *Brien*), these cases were decided before the adoption of Rule 56 and the advent of current summary judgment practice.

### 3. "Gould Not Absolutely Immune from Perjury Testimony"

Next, Plaintiffs claim that Mr. Gould is not entitled to absolute immunity for the testimony he gave at the state court proceedings because his "testimony was conspiracy to commit perjury for the purpose to accomplish a larceny sale plan of plaintiffs['] real estate property by placing said plaintiff in false imprisonment . . . ." *Pls.' Mot.* at 2. The Court addressed this very argument in the original Order:

> The Marcellos further allege that Mr. Gould entered into a conspiracy with Attorney Haddow and Judge Anderson to induce Mr. Marcello to unwillingly testify at the contempt hearing on November 23, 2005. *See Compl.* ¶ 8. Claims of conspiracy must, however, "be pled with particularity." *Ahanotu v. Mass. Tpk. Auth.*, 466 F. Supp. 2d 378, 389 (D. Mass. 2006). Such claims "cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts." *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977); *Pigott*, No. 93-1115, 1993 U.S. App. LEXIS 24692, at *21 (1st Cir. Sept. 27, 1993); *Ahanotu*, 466 F. Supp. 2d at 389 (dismissing an allegation of civil conspiracy under § 1983).
> Here, the Marcellos's Complaint contains the conclusory statement that Mr. Gould conspired with Attorney Haddow and Judge Anderson "to preside without authority and to induce [Mr. Marcello] to take the stand against his objection to the jurisdiction of the court by ways of [threats] violating his 5th Amendment Constitutional rights." *Compl.* ¶ 8. The Marcellos, however, failed either to allege or subsequently adduce any specific facts that would support a conspiracy cause of action against Mr. Gould.

*Order* at 6-7. The Court stands by its original reasoning.

### 4. "District Court Made Errors of Fact"

Plaintiffs assert two errors of fact: (1) that "[t]here was no service of contempt process on plaintiff James Marcello;" and (2) that because Mr. Marcello was a resident of Rhode Island from June 2000 to October 2005, he "could not be personally served" with a so-called "mail and nail" summons. *Pls.' Mot.* at 3. The Court already addressed the Plaintiffs' arguments on the service of process issue in previous pleadings and found them without merit. Moreover, these

allegations have nothing to do with Mr. Gould. Finally, if Plaintiffs wished to claim defects in service of process, they should have done so in the state court contempt proceedings. This is not a basis for relief from judgment.

### 5. "District Court Made Errors of Law"

Plaintiffs next allege two errors of law; each addresses an alleged conspiracy. The first is that Mr. Gould is "a member of a conspiracy with said co-defendants attorney Jon Haddow and Judge Anderson, and Gould is criminally accountable for the acts of every other member . . . ." *Pls.' Mot*. at 5. The second is that Mr. Gould "adopts the acts of his co-conspirators which occurred prior to his entry," and is liable for his own acts. *Id*. Both arguments essentially reiterate Plaintiffs' third issue, and do not change the Complaint's conclusory allegation that Mr. Gould was involved in a civil conspiracy to deprive Plaintiffs' civil rights.

### 6. "District Court Made Unauthorized Issue Determination"

For their next line of attack, Plaintiffs contend that the Court engaged in an improper "issue determination" when it concluded that "Mr. Gould did not violate any constitutional right." *Order* at 17. While Plaintiffs cite *Saltzman v. Atlantic Realty Co.*, 434 A.2d 1343, 1345 (R.I. 1981), a case that describes the procedure for summary judgment, Plaintiffs betray a fundamental misunderstanding of Rule 56. When there are no genuine issues of material fact, the Court is authorized by Rule 56 to make a judgment as a matter of law. Here, there were no genuine issues of fact, because Plaintiffs failed to properly controvert any of Mr. Gould's statements of material fact. The Court, therefore, deemed Mr. Gould's statements as admitted by the Plaintiffs and concluded that Mr. Gould did not violate the Marcellos' civil rights when he went to their trailer and took pictures to document their failure to comply with the local

ordinance, and when he testified against them at the contempt hearing. As such, there is no error of law – much less a manifest error of law – which would justify vacating the judgment.

### 7. "Gould's Affidavits Made in Bad Faith"

In Plaintiffs' final strike, they assert that Mr. Gould's affidavits were made in bad faith. Mr. Gould filed an affidavit, with exhibits attached, to support his motion for summary judgment. According to Plaintiffs, Mr. Gould engaged in bad faith by attaching photographs of only two of the trailer's structural supports, "when he took pictures of all ten supports." *Pls.' Mot*. at 7. Setting aside the issue of bad faith, Plaintiffs are focusing on an irrelevant issue. The question they raise in the Complaint is whether Mr. Gould violated their constitutional rights by entering their property to ascertain compliance with the local ordinance, and testifying as to his findings at the contempt hearing. As noted earlier, the Court has already ruled that Mr. Gould's search of the property passed constitutional muster. *Order* at 16-18. Further, the answer to this question has nothing to do with how many pictures of Plaintiffs' trailer Mr. Gould attached to his supporting affidavit. This is not a ground for vacating the Court's judgment.

### B.   Plaintiffs' Motion to Strike the Judgment

The gist of Plaintiffs' second motion is that, because the Court's decision granting summary judgment in favor of Mr. Gould is not a final judgment under Rule 54, but rather an interlocutory judgment, it should be stricken from the docket.[4] Plaintiffs are plainly wrong.

On the issue of judgments, the Federal Rules provide:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is

---

[4] Plaintiffs also claim an unauthorized signature by the clerk. This claim is wholly without merit. Attached to their motion to strike is a copy of the Judgment, which reflects the fact that the duly authorized deputy clerk signed the judgment, both electronically and by hand over the stamp indicating that the judgment is an attested copy.

> no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

FED. R. CIV. P. 54(b). Here, as the Judgment and the docket reflect, the Court has, in fact, entered a final judgment as to all of the claims and all of the parties. Prior to granting summary judgment in favor of Mr. Gould, the Court had dismissed the Complaint as to the other defendants for failure to state a claim. Therefore, the deputy clerk entered judgment for the defendants pursuant to Rule 58. *See* FED. R. CIV. P. 58(a)(2)(A)(iii) ("Subject to Rule 54(b), unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when . . . the court denies all relief.").

Although the Marcellos maintain an unalterable belief that their litigation has not been terminated, there is no basis for holding such a belief; they have reached the end of the road in this Court. If they wish to challenge this Court's rulings, their sole means of redress is to timely appeal the Judgment to the United States Court of Appeals for the First Circuit.

### III. CONCLUSION

The Court DENIES Plaintiffs' Motion to Vacate Order on Motion for Summary Judgment (Docket # 108) and Motion to Strike the Judgment (Docket # 110).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2007